```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION



MARK R. WINKLE,

            Plaintiff,

                                   Case No. 2:14-cv-0003
     v.                            Judge Frost
                                   Magistrate Judge King
EDMUND A. SARGUS, et al.,

            Defendants.
```

### ORDER and REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed in this action *in forma pauperis,* Doc. No. 4, is **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* and the *Amended Complaint*, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the action must be dismissed.

Section 1915(e)(2) requires that a court dismiss a case initiated without prepayment of fees or costs if the court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. Moreover, a court must, on its own motion, dismiss a case if it appears that the court lacks subject matter jurisdiction over the claims asserted. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

This case actually has its origins in another civil case filed by plaintiff and which remains pending in this Court, *Winkle v. Ruggieri*, 2:12-cv-1079 (hereinafter "*Ruggiere*"). In *Ruggieri*,

1

plaintiff complains that he was wrongfully prohibited from pursuing a teaching major at Ohio University. *Ruggiere* presents plaintiff's claims of civil rights violations, discrimination and retaliation against various faculty members and employees of Ohio University and other individuals and entities. On November 20, 2013, Judge Sargus, the District Judge assigned to *Ruggiere,* adopted the recommendation of Magistrate Judge Deavers, the Magistrate Judge assigned to *Ruggiere*, that plaintiff's claims against the National Council for the Accreditation of Teacher Education ("NCATE") be dismissed. *Opinion and Order*, Doc. NO. 71. On December 18, 2013, Magistrate Judge Deavers denied plaintiff's motion for leave to file a third amended complaint. *Order*, Doc. No. 72. On December 20, 2013, plaintiff filed a motion to reconsider the adoption of the Magistrate Judge's recommendation. *Motion for Reconsideration of Dismissal of Defendant NCATE Pursuant to Judge Edmund A. Sargus's Opinion and Order*, Doc. NO. 73. On January 3, 2014, plaintiff filed this action.

Named as defendants in this action are the two judicial officers assigned to *Ruggiere* and a law clerk of this Court, as well as NCATE, Ohio University, its College of Education and various employees of the university, and attorneys who represented defendants in *Ruggiere* as well as a law firm. The *Amended Complaint*, Doc. No. 5, seeks monetary damages, the "[r]emoval of Judge Edmund A. Sargus and Magistrate [Judge] Elizabeth P. Deavers from" *Ruggiere*, and other, unspecified, equitable relief. Plaintiff asserts claims of civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. §§ 241, 242, claims of obstruction of justice under 18 U.S.C. §§ 1503, 1512 and 1513,

2

claims of money laundering under 18 U.S.C. §§ 1956 and 1957 and RICO, 18 U.S.C. § 1961 *et seq*.

As an initial matter, plaintiff invokes certain federal criminal statutes that do not authorize a private civil cause of action, *i.e.*, 18 U.S.C. §§ 241, 242, 1503, 1512, 1513, 1956, 1957. As a general rule, a civil plaintiff has no standing to assert a claim arising under a criminal statute. *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281,316 (1979)("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"). *See also Kafele v. Frank & Wooldrige Co.*, 108 Fed. Appx. 307 (6th Cir. 2004)(no private right of action under § 241); *Duncan v. Cone*, 2000 WL 1828089 (table) (6th Cir. Dec. 7, 2000)(§ 242); *Moldowan v. City of Warren*, 578 F.3d 351, 400 (6th Cir. 2009)(§ 1503); *Johansen v. Presley*, - F.Supp.2d -, 2013 WL 5516466, *6 (W.D. Tenn., Oct. 2, 2013)(§ 1512); *Jermano v. Taylor*, 2013 WL 1316970, *5 (E.D. Mich., Feb. 28, 2013)(§ 1513); *Lucas-Cooper v. Palmetto GBA*, 2006 WL 2583407, *10 (N.D. Ohio, Sept. 7, 2006)(money laundering). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(private citizens lack a judicially cognizable interest in the criminal prosecution of another).

Furthermore, the Court lacks jurisdiction, by operation of the Eleventh Amendment to the United States Constitution, over plaintiff's claims against the defendant state agencies, *i.e.*, Office of the Ohio Attorney General, Ohio University and its College of Education. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008

3

WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiff's claims for monetary damages against the judges assigned to *Ruggiere* cannot proceed. A judge performing judicial functions is absolutely immune from suit seeking monetary relief, even if acting erroneously, maliciously, or in excess of the judge's authority. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is not immune in two circumstances: (1) when the judge acts in a nonjudicial capacity, or (2) when the judge acts in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Plaintiff's claims against the defendant judges are based on their rulings in *Ruggiere*. There is no suggestion that the judicial actions about which plaintiff complains were taken in the complete absence of all jurisdiction. These judges are therefore absolutely immune from liability for monetary damages.

Plaintiff's claims against all of the remaining defendants, most

4

of whom are individuals involved as defendants in *Ruggiere* or as their counsel,[1] also arise out of plaintiff's dissatisfaction with the course of proceedings in *Ruggiere*. Plaintiff alleges that these parties conspired with each other or with the judicial officers to deny plaintiff his rights; plaintiff also alleges that counsel for NCATE engaged in internet harassment of plaintiff in an effort to persuade plaintiff to dismiss the claims asserted against NCATE in *Ruggiere*.[2] To the extent that these and all of plaintiff's claims in this action are based on his dissatisfaction with the course of proceedings in *Ruggiere*, his proper remedy is to pursue the appellate process, even to the United States Supreme Court. *See* 28 U.S.C. § 1254. Plaintiff cannot properly pursue separate litigation in an effort to circumvent that process.

For all these reasons, it is **RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

---

[1] The defendant judicial law clerk is alleged to have conspired with the attorneys in *Ruggiere* and to have "forged" the names of the judges. *Amended Complaint*, PAGEID # 58.

[2] This claim is apparently based on the motion for sanctions under Fed. R. Civ. P. 11 filed by counsel on behalf of NCATE. *See Ruggiere*, Doc. No. 51.

5

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                         s/  Norah McCann King
                                         Norah McCann King
                                         United States Magistrate Judge
January 10, 2014

6