UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK R. WINKLE,**

  **Plaintiff,**

 v.

**EDMUND A. SARGUS, et al.,**

  **Defendants.**

Case No. 2:14-cv-0003
JUDGE GREGORY L. FROST
Magistrate Judge Norah M. King

## OPINION & ORDER

  This matter is before the Court for consideration of the Magistrate Judge's January 10, 2014 Order and Report and Recommendation ("R&R") (ECF No. 8) and Plaintiff's Objections thereto. (ECF No. 10.) For the reasons that follow, the Court **OVERRULES** the Objections, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Amended Complaint.

  **I. BACKGROUND**

  Plaintiff, Mark R. Winkle, is a *pro se* litigant alleging civil rights violations for which he seeks monetary damages, the removal of Judge Edmund A. Sargus and Magistrate Judge Elizabeth P. Deavers, and other unspecified equitable relief.

  The facts underlying the present action stem from another civil case filed by Plaintiff, *Winkle v. Ruggieri*, 2:12-cv-1079 ("*Ruggieri*"), which remains pending before another judicial officer in the Southern District of Ohio. In *Ruggieri*, Plaintiff alleged that he was wrongfully prohibited from pursuing a teaching major at Ohio University. Plaintiff brought claims of civil

1

rights violations, discrimination, and retaliation against various faculty members and employees of Ohio University and other individuals and entities.

Magistrate Judge Deavers, the Magistrate Judge assigned to *Ruggieri*, recommended that Plaintiff's claims against the National Council for the Accreditation of Teacher Education ("NCATE") be dismissed. Judge Sargus adopted the recommendations. Plaintiff moved to file a third amended complaint but the motion was denied.

Rather than appeal the result in *Ruggieri*, Plaintiff instead filed the present action with this Court. Plaintiff named as Defendants in this action the two judicial officers and a law clerk assigned to *Ruggieri*, the defendants in *Ruggieri* and their attorneys, including employees of the Ohio Attorney General's office and the Reminger Attorneys at Law firm. (Am. Compl., ECF No. 5.) Plaintiff's Amended Complaint alleges civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. §§ 241 and 242, claims of obstruction of justice under 18 U.S.C. §§ 1503, 1512, and 1513, claims of money laundering under 18 U.S.C. §§ 1956 and 1957, and claims under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Plaintiff alleges that each defendant "actively participated in various acts and conspiracies to deny the plaintiff's civil rights." (ECF No. 5.)

On January 6, 2014, Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 4). The Magistrate Judge reviewed the motion and Amended Complaint and, on January 10, 2014, issued the R&R recommending that: (1) the Court grant Plaintiff's motion for leave to proceed *in forma pauperis* and (2) Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 8.) Specifically, the Magistrate Judge found that Plaintiff invoked certain federal criminal statutes that do not authorize a private civil cause of action, namely 18 U.S.C. §§

241, 242, 1503, 1512, 1956, and 1957. (ECF No. 8, at 3.) In addition, due to the Eleventh Amendment's grant of sovereign immunity, the Magistrate Judge found that this Court lacks jurisdiction over Plaintiff's claims against all state agencies, including the Office of the Ohio Attorney General and Ohio University and its College of Education. *Id.* Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in federal court because such claims are deemed to be claims against the State. (ECF No. 8, at 4.) The Magistrate Judge further concluded that Plaintiff's claims for monetary damages against the judicial officers assigned to *Ruggieri* have no merit because those officers are absolutely immune from liability. *Id.* Finally, the Magistrate Judge noted that Plaintiff's claims against the remainder of the Defendants arise out of dissatisfaction with the course of proceedings in *Ruggieri*. As such, Plaintiff's sole remedy is to appeal the *Ruggieri* decision(s); he may not bypass that step by initiating separate litigation. (*Id.* at 5.)

Plaintiff filed timely objections to the R&R. (ECF No. 10.) The Court now considers those objections.

    **II.    ANALYSIS**

        **A.  Standard of Review**

Under 28 U.S.C. § 1915 (e)(2), a court must dismiss a case initiated without prepayment of fees or costs if the court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. A court must also dismiss a case if it determines that it lacks subject matter jurisdiction over the claims asserted. Fed. R. Civ. P. 12(h)(3).

When a court receives objections to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that

3

has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also Ridenour v. Collins*, 692 F. Supp. 2d 827, 829 (S.D. Ohio 2010).

In considering whether Plaintiff's Amended Complaint states a claim for relief, the Court notes that *pro se* plaintiffs are "held to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). But "[d]espite this, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id*. In other words, " 'the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.' " *Id*. (quoting *Kamppi v. Ghee*, 208 F.3d 213 (table) (6th Cir. 2000)).

### B. Analysis of the R&R

The crux of Plaintiff's Amended Complaint is that a judge, magistrate judge, and law clerk ("Judicial Defendants")[1] wrongly decided a case that was assigned to them. Plaintiff alleges that Judicial Defendants acted with malicious intent in wrongly deciding that case. Plaintiff further alleges that Judicial Defendants refused to enforce the Rules of Professional Conduct against the attorneys in that case, who allegedly conspired with each other to deny Plaintiff his civil rights.

The Magistrate Judge properly concluded that Plaintiff's allegations fail to state a claim against Judicial Defendants because they are absolutely immune from liability for the alleged misconduct. Plaintiff asserts what can be construed as two objections to that conclusion: (1)

---

[1] Judicial immunity extends to law clerks as well as judges. *See, e.g., Bradley v. United States*, 84 F. App'x 492, 492 (6th Cir. 2003). The Court therefore refers to Defendant Keller a "Judicial Defendant" and/or a judicial officer for purposes of this Opinion & Order.

judicial officers should not receive immunity if they are alleged to have engaged in a conspiracy, as that would immunize judicial officers who "intentionally accept bribes or perform special favors for friends or relatives" from suit, and (2) the Court should give Plaintiff an "opportunity to further expand his search for the truth" before dismissing his Amended Complaint. (ECF No. 10, at 3–4.)

Neither of Plaintiff's objections warrants a modification to the R&R. As the Magistrate Judge noted, "Plaintiff's claims against [Judicial Defendants] are based on their rulings in *Ruggieri*." (ECF No. 8, at 4.) The Amended Complaint does not allege that Judicial Defendants took any action that was outside the scope of their capacity of judicial officers. Because Judicial Defendants were acting at all times in their capacity as judicial officers, they are immune from suit even if their actions were erroneous, malicious, or in excess of their authority. *See, e.g., Mireless v. Waco*, 502 U.S. 9, 9–11 (1991) (*per curiam*). Finally, Plaintiff's plea to further explore his claims is directly at odds with 28 U.S.C. § 1915 (e)(2)'s requirement that a court dismiss a complaint that fails to state a claim for relief. Plaintiff's objections with respect to Judicial Defendants therefore fail.

Regarding the claims against state entities (Office of the Ohio Attorney General, Ohio University and its College of Education) and state officials sued in their official capacities ("State Defendants"), the Magistrate Judge correctly concluded that Eleventh Amendment sovereign immunity divests this Court of jurisdiction to consider those claims. *See, e.g., Bell v. Lake Erie Correction Records Dep't*, 282 F. App'x 363, 365–66 (6th Cir. 2008). Plaintiff objects on the ground that Congress abrogated sovereign immunity for claims brought under certain statutes, such as the Age Discrimination Act of 1975 ("ADA"), but the Amended

5

Complaint does not set forth any facts that could support an inference that statutes such as the ADA are involved in this case. Indeed, Plaintiff failed to set forth anything more than bare legal conclusions in support of his claim that State Defendants conspired to violate various federal statutes. Dismissal of the claims against State Defendants therefore is proper. *See Grinter*, 532 F.3d at 577; *Bell*, 282 F. App'x at 365–66.

Plaintiff asserts two additional objections to the Magistrate Judge's recommendation that the claims against State Defendants be dismissed. First, Plaintiff objects on the ground that the Eleventh Amendment does not prevent a court from issuing an injunction against state officials; however, Plaintiff did not request injunctive relief against State Defendants. That objection therefore is irrelevant. Second, Plaintiff objects on the ground that his claims are aimed at State Defendants in their individual capacities. The Court addresses that objection below.

Regarding the remaining Defendants (including NCATE, the Reminger law firm and its employee, and/or the state officials in their individual capacities), the Court finds that all claims against them must be dismissed. In each Count of the Amended Complaint, Plaintiff asserts the conclusory allegation that Defendants engaged in a conspiracy to violate various rights, acted maliciously and outside the scope of their duties, and profited financially from the alleged conspiracy. Each Count then restates various elements of a RICO claim. But Plaintiff fails to set forth any facts that could support an inference that Defendants are liable for the alleged misconduct. After having reviewed the Amended Complaint, the Court is left to wonder what each Defendant did that was malicious, how they allegedly conspired, and what harm resulted to Plaintiff. The Amended Complaint's conclusory allegations against the remaining Defendants therefore fail to state a claim for relief. *Grinter*, 532 F.3d at 577.

The only possible factual scenario the Court can infer from the allegations in the Amended Complaint is that Plaintiff believes the parties in *Ruggieri* and their attorneys acted wrongly in order to obtain a result that was adverse to Plaintiff in that case. But Plaintiff's only recourse in that situation is to pursue his appellate rights and/or file a motion under Federal Rule of Civil Procedure 60 for the alleged misconduct committed by the opposing party. The Court agrees with the Magistrate Judge's statement in the R&R that Plaintiff "cannot properly pursue separate litigation in an effect to circumvent that process." (ECF No. 8, at 5); *cf. Perkins v. Wells Fargo*, No. 2:11-cv-952, 2012 WL 5077712, at *7 (S.D. Ohio Oct. 18, 2012) (stating that, if a party believes a judgment was obtained by fraud, its only remedy is a motion for relief from judgment in that case; it may not institute a collateral attack on the judgment in a separate action), *aff'd*, No. 12-4284 (6th Cir. Mar. 12, 2014). Accordingly, Plaintiff fails to state a claim against all Defendants.

### III. CONCLUSION

Having conducted a de novo review and after consideration of the R&R and corresponding objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 10), **ADOPTS** the Magistrate Judge's Report and Recommendation, (ECF No. 8), and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 5). The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

> /s/ Gregory L. Frost
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**